Parker C. J.
delivered the opinion of the Court. We think the form of action is right, notwithstanding debt generally lies only for a sum certain. By St. 1793, c. 43, the action of debt is given to recover all penalties and forfeitures, where no form of action is provided in the act creating the penalty ; and in the statute on which this action is brought, no form of action is given.[1] In St. 1817, c. 173, the legislature have established debt as the proper form of action to recover a heavy penalty, uncertain until ascertained by verdict, and it is to be presumed from these acts of legislation, with a long interval *533 between, that debt is thought to be the most proper action for breaches of statutes, notwithstanding the uncertainty in amount, of the penalty. And this conforms to the common law in regard to treble damages for not setting out tithes, as settled in Cro. Eliz. 621, and other cases cited by the plaintiff’s counsel. The case in 15 Mass. R. 489, does not contravene these, for it only decides that where no form of action is given, trespass may lie ; it having been there insisted that debt was the only action.
In regard to the objection, that the declaration is insufficient against Jonathan Davis, in not averring that he was party to the suit pending when the trespass was committed, or even that he knew of such suit, there is a difficulty ; for we can hardly suppose the legislature intended to punish so severely a trespasser who was wholly ignorant that any suit was pending ; and we do not think that such is the necessary meaning of the act. The intent of the legislature manifestly was, to punish those who, knowing of the pendency of a suit to recover the land, should voluntarily make strip and waste in order to avail themselves of the value of the trees and timber, before judgment should be rendered. The statute is highly penal, and should therefore be limited in its application, to the object the legislature had in view. If the intention had been to subject all trespassers, during the pendency of a suit, to treble damages, there would have been no cause for specifying those against whom the suit was brought, for the general terms would comprehend them. “ Such person in possession, or any other persons pending such action, and after the service of the writ therein,” evidently means those who act with or under the person in possession, knowing of the suit and the service of the writ; for with such knowledge they are in pari delicto with the principal or party in possession. But a day laborer hired to cut wood by the occupant of the land, having no reason to doubt his title, or the owner of the next adjoining lot, who, mistaking the bounds, commits a trespass, wholly ignorant of any suit, was not intended to be amerced in treble damages. We think therefore, that, for want of an averment that Jonathan Davis was a party >o the suit pending at the time of the trespass, or *534 that he had knowledge of its existence, the declaration is bad, an(l judgment should be arrested.[1]
The second count is undoubtedly bad, in not alleging any of the facts which entitle the plaintiff to the action under the statute. It is only averred, that while the title was in the plaintiff, the trespass was committed. This is the case of all trespasses ; for the possession of the plaintiff is title, so far as relates to this action of trespass. And there being no cause of action shown under the statute, the count is bad also at common law, for it does not aver, either directly or by implication, that the plaintiff was in possession of the close, either actual or constructive, when the supposed trespass was committed, but only that he was lawful owner thereof, and had title thereto ; which may well be, and yet he have no right to maintain trespass.
Judgment arrested.

 The Revised Statutes give the action of trespass in such case. c. 105 § 9

 See Revised Stat. c. 105, § 9.